**WO**                                                                                           JDN

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Troy Metcalf,                                    )        No. CV 05-4080-PHX-MHM (LOA)
                                                 )
              Plaintiff,                         )        **ORDER**
                                                 )
vs.                                              )
                                                 )
Joseph Arpaio,                                   )
                                                 )
              Defendant.                         )
_____)

     This is a civil rights action pursuant to 42 U.S.C. § 1983 filed by an inmate confined in the Durango Jail in Phoenix, Arizona.  The Court will dismiss the action with leave to amend.

**A.**     **Application to Proceed In Forma Pauperis & Filing Fee.**

     Plaintiff's request to proceed *in forma pauperis* will be granted.  Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action. An initial partial filing fee of $3.33 will be assessed by this Order.  28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of Court.  Thereafter, Plaintiff will be obligated for monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

JDDL-K

Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

**B.    Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.   28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).  If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court is required to grant leave to amend "if a complaint can possibly be saved," but not if the Complaint "lacks merit entirely."  Id. at 1129.  A court therefore should grant leave to amend if the pleading could be cured by the allegation of other facts, or if it appears at all possible that the defect can be corrected.  Id. at 1130.  The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine the district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether court was required to inform litigant of deficiencies).  Plaintiff's Complaint will be dismissed for failure to state a claim, *with* leave to amend because the complaint may possibly be saved by amendment.

**C.    Complaint.**

Plaintiff's action concerns the conditions at the Durango Jail in Phoenix, Arizona.  He names Joseph Arpaio, the Maricopa County Sheriff, as the sole Defendant.  In Count I Plaintiff alleges that asbestos is causing cancer.  He further states that there are not enough

1   seats to accommodate the inmates so they are forced to eat on their bunks, yet they only get

2   clean bedding and clothing once a week.  He claims that he may have cancer, and he suffers

3   from bug bites, ring worm, rashes, nausea, a bad back, sickness, and staff infections.  In

4   Count II Plaintiff contends that recreation is only offered once each month or once every two

5   months.  When he does get recreation time, there are no restroom facilities or water.  Plaintiff

6   claims that he gets sun burned easily and is dehydrated.  And in Count III Plaintiff alleges

7   that the toilets are broken and often overflow, only one out of two showers work, and the

8   sinks are clogged.  Consequently, he has developed scabies and athletes foot, and is exposed

9   to fecal matter in the restroom and showers.  Plaintiff requests monetary and other relief.

10  **D.      Failure to State a Claim.**

11          *1.  Joseph Arpaio*

12          To state a § 1983 claim, a plaintiff must allege that he suffered specific injury as a

13  result of the specific conduct of a defendant, and show an affirmative link between the injury

14  and that conduct.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).  Plaintiff has not

15  connected any of his claims to Defendant Arpaio.

16          Arpaio cannot be liable simply based upon his position.  There is no *respondeat*

17  *superior* liability under § 1983, so a defendant's position as the supervisor of a person who

18  allegedly violated Plaintiff's constitutional rights does not impose liability.  Monell v. Dep't

19  of Soc. Servs., 436 U.S. 658 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  "A

20  supervisor  is only liable for constitutional violations of his subordinates if the supervisor

21  participated in or directed the violations, or knew of the violations and failed to act to prevent

22  them."  Taylor, 880 F.2d at 1045.  There are no allegations to show that Arpaio participated

23  in or directed the alleged constitutional violations, or that he  knew of the violations and

24  failed to act to prevent them.

25          If the evidence justifies it, Plaintiff may name persons in their individual capacities.

26  If he does so, he must write short, plain statements telling the court: (1) the constitutional

27  right Plaintiff believes was violated; (2) the name of the person who violated the right; (3)

28  exactly what that individual did or failed to do; (4) how the action or inaction of that person

JDDL-K                                              - 3 -

1   is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury

2   Plaintiff suffered because of that person's conduct. Rizzo, 423 U.S. at 371-72, 377. Plaintiff

3   must repeat this process for each person he names as a Defendant. If Plaintiff fails to do this

4   for any person named as a Defendant, the court will dismiss that Defendant from this action.

5       Regarding Arpaio in his official capacity, a suit against him officially is equivalent

6   to a suit brought against the governmental entity. See Will v. Michigan Dep't of State

7   Police,491 U.S. 58, 71  (1989).   In this case, the governmental entity is Maricopa County.

8   A county is the liable entity under § 1983 when its policy, practice or custom causes

9   constitutional injury. See Monell, 436 U.S. at 694. In that instance, the county's liability is

10  based on the actions of its policymakers, such as a sheriff. See Cortez v. County of Los

11  Angeles, 294 F.3d 1186, 1188-92 (9th Cir. 2001) (finding that sheriff acted on behalf of

12  county, subjecting county to § 1983 liability). A sheriff could be sued in his official capacity

13  for a policy, practice, or custom he put into place on behalf of the county that caused the

14  constitutional injury.  There are no allegations to support liability against Arpaio in his

15  official capacity. In light of the foregoing, there are no named Defendants who may be liable

16  for Plaintiff's claims. For this reason, Plaintiff's action fails to state a claim.

17      *2. Hart v. Hill*

18      Throughout his Complaint, Plaintiff refers to Hart v. Hill, No. CIV 77-0479-PHX-

19  EHC (MS) (D. Ariz.), claiming that the conditions of his confinement violate an Amended

20  Judgment in that action.  Jurisdiction to enforce the judgment is retained by the court who

21  entered it. Jeff D. v. Kempthorne, 365 F.3d 844, 853 (9th Cir. 2004). A civil rights action

22  is not the proper means by which to enforce the decree. Cagle v. Sutherland, 334 F.3d 980,

23  986 (11th Cir. 2003); Klein v. Zavaras, 80 F.3d 432, 435 (10th Cir. 1996); DeGidio v. Pung,

24  920 F.2d 525, 534 (8th Cir. 1990); Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th Cir.

25  1986). Standing alone, remedial orders cannot serve as a substantive basis for a § 1983 claim

26  for damages because such orders do not create "rights, privileges, or immunities secured by

27  the Constitution and laws."  Green, 788 F.3d at 1123-24.  Remedial decrees are the means

28  by which unconstitutional conditions are corrected but they do not create or enlarge

JDDL-K                                    - 4 -

1   constitutional rights.  Id. at 1123.  To the extent Plaintiff seeks to enforce Hart v. Hill, his

2   claim is not properly brought in this action.  Instead, his allegations must separately state a

3   violation of a constitutional right.

4   **E.      Leave to Amend.**

5           For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

6   a claim upon which relief may be granted.  Plaintiff may amend his Complaint to cure the

7   deficiencies outlined above.  The Clerk of Court will be directed to provide Plaintiff with a

8   Court-approved form for filing a civil rights complaint.  Plaintiff is advised that the amended

9   complaint must be retyped or rewritten in its entirety on the court-approved form and may

10  not incorporate any part of the original Complaint by reference.  Any amended complaint

11  submitted by Plaintiff should be clearly designated as such on the face of the document.

12          Plaintiff is also reminded that in an Amended Complaint, he may only include one

13  claim per count.  The "one claim per count" rule is set forth in the form Complaint and

14  accompanying instructions, and is a requirement imposed by the local rules of this Court.

15  See LRCiv 3.4(a) (complaint must be in accordance with the instructions provided with the

16  form).

17          An amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963

18  F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,

19  1546 (9th Cir. 1990).  After amendment, the original pleading is treated as nonexistent.

20  Ferdik, 963 F.2d at 1262.  Thus, causes of action alleged in an original complaint which are

21  not alleged in an amended complaint are waived.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.

22  1987).

23  **F.      Address Changes.**

24          In the notice of assignment issued in this action (Doc. #2), Plaintiff was advised he

25  must file a notice of change of address if his address changes.  Plaintiff is again reminded

26  that at all times during the pendency of this action, Plaintiff shall immediately advise the

27  Court of any change of address and its effective date.  Such notice shall be captioned

28  "NOTICE OF CHANGE OF ADDRESS."  Plaintiff shall serve a copy of the Notice of

Change of Address on all opposing parties.  The notice shall contain only information pertaining to the change of address and its effective date, and shall not include a motion for other relief.  Failure to timely file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**G.   Warning of Possible Dismissal.**

Plaintiff should take note that if he fails to timely comply with every provision of this Order, this action will be dismissed without further notice.  See Ferdik, 963 F.2d at 1260-61(district court may dismiss action for failure to comply with any order of the Court).  Moreover, because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal of this action will count as a "strike" under the "three strikes" provision of the Prison Litigation Reform Act.  See 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED that:**

(1)  Plaintiff's Application to Proceed *In Forma Pauperis* is granted pursuant to 28 U.S.C. § 1915(a)(1).

(2)  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.  Plaintiff is assessed an initial partial filing fee of $3.33.  All fees shall be collected and paid in accordance with this Court's Order to the appropriate government agency filed concurrently herewith.

(3)  The Complaint is **dismissed** for failure to state a claim.  Plaintiff shall have **30 days** from the date this Order is filed to file an Amended Complaint in compliance with this Order.

(4)  The Clerk of Court shall enter a judgment of dismissal of this action with prejudice and without further notice to Plaintiff, if Plaintiff fails to file an amended complaint within thirty (30) days of the date this Order is filed.  Upon entry of judgment, the Clerk shall

make an entry on the docket in this matter indicating that the dismissal of this action falls within the purview of 28 U.S.C. § 1915(g).

(5)  Aside from the two copies of the complaint or amended complaint that must be submitted pursuant to Rule 3.5(a) of the Local Rules of Civil Procedure, a clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned.  <u>See</u> LRCiv 5.4.  Failure to comply with this requirement may result in the pleading or document being stricken without further notice to Plaintiff.

(6)  The Clerk of Court shall provide to Plaintiff a current court-approved form for filing a civil rights complaint by a prisoner.

DATED this 15th day of April, 2006.

_____
Mary H. Murguia
United States District Judge

**INFORMATION AND INSTRUCTIONS FOR A
PRISONER FILING CIVIL RIGHTS COMPLAINT
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

## I.  General Information About the Civil Rights Complaint Form:

A.   The Form.   The civil rights complaint form is designed to help prisoners prepare a complaint seeking relief for a violation of their federal civil rights.  Local Rule of Civil Procedure 3.4(a) requires that prisoner civil rights complaints be filed on the court-approved form.  Your complaint must be typewritten or legibly handwritten.  All information must be clearly and concisely written, **only in the space provided on the form.**  If needed, you may attach no more than fifteen additional pages of standard letter size paper to continue any part of the complaint. You must identify which part of the complaint is being continued and number all pages.

B.   Your Signature.  You must sign the complaint.  Your signature constitutes a certificate that: 1) you have read the complaint; 2) to the best of your knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and law; and 3) it is not being filed for any improper purpose.  Please review Rule 11 of the Federal Rules of Civil Procedure.  Rule 11 provides for the imposition of sanctions if the complaint is signed in violation of the Rule.

C.   The Filing Fee.  You must pay the $250.00 filing fee.  If you are unable to pay the filing fee when the complaint is filed, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for more information.

D.   Court Divisions.  If you resided in Maricopa, Pinal, Yuma, La Paz, or Gila county when your rights were allegedly violated, you should  file your complaint in the Phoenix Division of the court.  If you resided in Apache, Navajo, Coconino, Mohave, or Yavapai county when your rights were allegedly violated, you should file your complaint in the Prescott Division of the court.  If you resided in Pima, Cochise, Santa Cruz, Graham, or Greenlee county when your rights were allegedly violated, you should file your complaint in the Tucson Division of the court. See LRCiv  5.1(a) and 77.1(a).

You should mail THE ORIGINAL AND ONE COPY of your complaint with the $250.00 filing fee or the application to proceed *in forma pauperis* to:

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 321 | | U.S. Courthouse, Suite 1500 |

401 West Washington Street, SPC 10          405 West Congress Street
Phoenix, Arizona  85003-2119                Tucson, Arizona  85701-5010

E.  <u>Certificate of Service on Defendants</u>.  You must furnish the opposing party or their attorney with a copy of any document you submit to the court (except the initial complaint and application to proceed *in forma* pauperis).  Pursuant to Rules 5(a) and (d) of the Federal Rules of Civil Procedure, each original document (except the initial complaint and application for leave to proceed *in forma pauperis)* must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the opposing party or their attorney and the address to which it was mailed.  Any document received by the court which does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this ___ day of___(month)___, (year) , to:
> Name:  _____
> Address:_____
>     Attorney for Defendant(s)/Respondent(s)
>
>
> _____
> (Signature)

F.  <u>Original and Judge's Copy</u>.  You must furnish an original and one copy of any document submitted to the court.  You must furnish one additional copy to the clerk if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.

G.  <u>Exhibits</u>.  You should not submit exhibits with the complaint.  Instead, the relevant information should be paraphrased in the complaint.  You should keep the exhibits to use to support or oppose a motion for summary judgment or at trial.

H.  <u>Change of Address</u>.  You must immediately notify the clerk and the opposing party or their attorney in writing of any change in your mailing address.  Failure to notify the court of any change in your mailing address may result in the dismissal of your case.

I.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  Rule 15(a) of the Federal Rules of Civil Procedure allows you to file one amended complaint prior to any defendant filing an answer.  After any defendant has filed an answer, you must file a motion for leave to amend and lodge a proposed amended complaint.  Local Rule of Civil Procedure 15.1(a)(2) prohibits any amended pleading from referencing any prior pleading.  Further, any allegations or defendants not included in the

2

amended complaint are considered dismissed.

J.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any of the District Judges, Magistrates Judges, or the staff of any of the judicial officers.  The appropriate way to communicate with these persons is by filing a written pleading or motion.

**II.  <u>Completing the Civil Rights Complaint Form:</u>**

**HEADING:**

1.  <u>Your Name</u>.  Print your name, prison or jail inmate number, and mailing address on the lines provided.

2.  <u>Defendants</u>.  Print the names of each of your defendants.  If you name more than **four** defendants, you should print the name of one defendant and "see additional page for defendants" in the space provided.  On the additional page you must list the names of **all** of the defendants.  This additional page should be inserted after page 1 and numbered as page "1-A" at the bottom of the page.  The initial complaint must contain the names of **all** of the parties (plaintiffs as well as defendants) in the heading (or on the additional page if more than four defendants).  See Rule 10(a) of the Federal Rules of Civil Procedure.

3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" on the line below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so will result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  <u>Plaintiff</u>.  Print all of the requested information on the spaces provided.  Identify the institution and city where the alleged violation of your rights occurred.

3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on a separate page.  Label the page(s) as "2-A," "2-B," etc., at  the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary

information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights the defendant(s) violated.  The form provides space to allege three separate counts (one violation per count).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A", "5-B", etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1.  Counts.  You must identify which civil right was violated.  YOU MAY ALLEGE THE VIOLATION OF ONLY ONE CIVIL RIGHTS CLAIM PER COUNT.

2.  Issue Involved.  Check the box that most closely identifies the issue involved in your claim.  YOU MAY CHECK ONLY ONE BOX  PER COUNT.  If you check the box marked "Other," you must identify the specific issue involved in the space provided.

3.  Supporting Facts.  After you have identified which civil right was violated, you need to state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you need to identify which defendant did what act.  You also need to state the date(s) on which the act(s) occurred if possible.

4.  Injury.  State precisely how you were injured by the alleged violation of your rights.

5.  Administrative Remedies.  Exhaustion of administrative remedies is a prerequisite to filing a civil rights complaint.  42 U.S.C. § 1997e requires prisoners to exhaust the available administrative remedies before being allowed to file a civil rights action.  Consequently, you must disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If one of your counts is exempt from the grievance procedures or administrative appeals, fully explain the exemption on the lines provided.

**Part D.  REQUEST FOR RELIEF:**

Print the relief you are seeking in the space provided.

**SIGNATURE:**

You must sign your name and print the date you signed the complaint.  Your signature must be an original signature, not a photocopy.

### FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed by the court.  All questions must be answered concisely

in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| _____, )<br>(Full Name of Plaintiff)   Plaintiff,      ) | |

_____, )
(Full Name of Plaintiff)

        Plaintiff,       )

        vs.          )  **CASE NO.** _____

                    )      (To be supplied by the Clerk)

_____, )

_____, )

                    )      **CIVIL RIGHTS COMPLAINT**

_____, )      **BY A PRISONER**

                    )

_____, )   ☐ Original Complaint
(Full Name of Each Defendant)   Defendant(s).   )   ☐ First Amended Complaint

_____   )   ☐ Second Amended Complaint

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:

      a.   ☐ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983

      b.   ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

      c.   ☐ Other:  (Please specify.) _____.

2.   Name of Plaintiff: _____.

    Present mailing address: _____.

    **(Failure to notify the Court of your change of address may result in dismissal of this action.)**

    Institution/city where violation occurred: _____.

**550/555**

3.  Name of first Defendant: _____.  The first Defendant is employed as:
_____at_____.
<small>(Position and Title)</small>                    <small>(Institution)</small>

The first Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the first Defendant was acting under color of law: _____
_____.

4.  Name of second Defendant: _____.  The second Defendant is employed as:
_____at_____.
<small>(Position and Title)</small>                    <small>(Institution)</small>

The second Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the second Defendant was acting under color of law: _____
_____.

5.  Name of third Defendant: _____.  The third Defendant is employed as:
_____at_____.
<small>(Position and Title)</small>                    <small>(Institution)</small>

The third Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the third Defendant was acting under color of law: _____
_____.

6.  Name of fourth Defendant: _____.  The fourth Defendant is employed as:
_____at_____.
<small>(Position and Title)</small>                    <small>(Institution)</small>

The fourth Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the fourth Defendant was acting under color of law: _____
_____.

**(If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.)**

## B.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.  If your answer is "yes," how many lawsuits have you filed? _____.  Describe the previous lawsuits in the
spaces provided below.

3.  First prior lawsuit:
    a.  Parties to previous lawsuit:
        Plaintiff: _____.
        Defendants: _____
        _____.

2

b. Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____ .

c. Case or docket number: _____ .

d. Claims raised: _____
_____
_____

e. Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) ____
_____ .

f. Approximate date lawsuit was filed: _____ .

g. Approximate date of disposition: _____ .

4. Second prior lawsuit:
a. Parties to previous lawsuit:
Plaintiff: _____ .
Defendants: _____
_____ .

b. Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____ .

c. Case or docket number: _____ .

d. Claims raised: _____
_____
_____ .

e. Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) ____
_____ .

f. Approximate date lawsuit was filed: _____ .

g. Approximate date of disposition: _____ .

5. Third prior lawsuit:
a. Parties to previous lawsuit:
Plaintiff: _____ .
Defendants: _____
_____ .

b. Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____ .

c. Case or docket number: _____ .

d. Claims raised: _____
_____
_____ .

e. Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) ____
_____ .

f. Approximate date lawsuit was filed: _____ .

g. Approximate date of disposition: _____ .

**(If you filed more than three  lawsuits, answer the questions listed above for each additional lawsuit on a separate page.)**

## C.  CAUSE OF ACTION

### COUNT I

1.   The following constitutional or other federal civil right has been violated by the Defendant(s):  _____
_____
_____.

2.   Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
    in a different count)            ☐ Mail            ☐ Access to the court        ☐ Medical care
                                      ☐ Disciplinary proceedings   ☐ Property        ☐ Exercise of religion    ☐ Retaliation
                                      ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I.  Describe exactly what each
Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal
authority or arguments).

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).

_____
_____
_____.

5.   **Administrative Remedies:**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
         your institution?                                                        ☐ Yes    ☐ No
    b.   Did you submit a request for administrative relief on Count I?            ☐ Yes    ☐ No
    c.   Did you appeal your request for relief on Count I to the highest level?   ☐ Yes    ☐ No
    d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
         why you did not.  _____
         _____.

4

## COUNT II

1.   The following constitutional or other federal civil right has been violated by the Defendant(s):   _____
_____
_____.

2.   Count II involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
in a different count)          ☐ Mail                    ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings    ☐ Property            ☐ Exercise of religion        ☐ Retaliation
☐ Excessive force by an officer    ☐ Threat to safety        ☐ Other: _____.

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count II.  Describe exactly what
each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
legal authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.   **Administrative Remedies:**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
your institution?                                                          ☐ Yes      ☐ No
b.   Did you submit a request for administrative relief on Count II?           ☐ Yes      ☐ No
c.   Did you appeal your request for relief on Count II to the highest level?     ☐ Yes      ☐ No
d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
why you did not.   _____
_____.

## COUNT III

1.   The following constitutional or other federal civil right has been violated by the Defendant(s):   _____
_____
_____.

2.   Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
in a different count)          ☐ Mail                    ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings          ☐ Property          ☐ Exercise of religion          ☐ Retaliation
☐ Excessive force by an officer          ☐ Threat to safety          ☐ Other: _____.

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III.  Describe exactly what
each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
legal authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.   **Administrative Remedies:**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
your institution?                                                                                          ☐ Yes     ☐ No
b.   Did you submit a request for administrative relief on Count III?                    ☐ Yes     ☐ No
c.   Did you appeal your request for relief on Count III to the highest level?          ☐ Yes     ☐ No
d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
why you did not.   _____
_____.

**(If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.)**

## D.  REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____      _____
                            DATE                                          SIGNATURE OF PLAINTIFF

_____

(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____

(Signature of attorney, if any)

_____

_____

_____

(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more
than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.